■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER PERILLO, Appellant.—Appeal by defendant from a judgment of the County Court, Rockland County, rendered August 15, 1973, convicting him of perjury in the first degree, upon a jury verdict, and imposing an indeterminate sentence of up to four years. Judgment modified as to the conviction, on the law and the facts, by changing the conviction to one of perjury in the third degree; as so modified, judgment as to the conviction affirmed; judgment reversed as to the sentence, on the law, and case remanded to the County Court for resentencing. Upon this record, the evidence was legally insufficient to establish defendant's guilt of the crime of perjury in the first degree. The People have failed to establish that defendant's false testimony was "material" to the investigation being conducted by the Grand Jury (Penal Law, § 210.15). More specifically, there has been a failure of proof that the defendant's lies about being in a car with two other persons on the Merritt Parkway on a particular night in 1971 had any relevance to the investigation by the Grand Jury into the crimes of conspiracy to commit burglary, criminally possessing stolen property and other crimes committed in the State of New York, as alleged in the indictment. Never once was it even alleged that any criminal act was performed on the night defendant was in a car on the Merritt Parkway with two other persons, or that his

traveling with those persons was in any way connected with the alleged criminal activity which the Grand Jury was investigating. The record does, however, warrant a judgment of conviction of a lesser degree of the crime of perjury, to wit, perjury in the third degree, which does not incorporate within its provisions the element of materiality. Cohalan, Acting P. J., Christ and Brennan, JJ., concur; Munder, J. (concurring). I concur without reservation in the majority memorandum, but since my colleague, Mr. Justice Shapiro, in his concurring memorandum, indicates his view that prejudicial error was committed in reading the record of defendant's 15 refusals to answer questions before the Grand Jury, I would note my disagreement. While the record does show defendant's claim of his Fifth Amendment rights, although he was testifying under a grant of immunity, it also shows he was given the opportunity to confer with counsel outside the Grand Jury room and that, on his return, he answered each of the questions which he had previously refused to answer. This disclosed a rigid observance of defendant's rights; I find no prejudicial error in its disclosure to the jury that tried him for his perjury. I agree with my colleague to the extent that had there been error in the full disclosure, the right to object was waived by defendant's consent to the procedure employed. Shapiro, J. (concurring). Before a Grand Jury, defendant, on at least 15 occasions, refused to answer questions on the ground that they violated his Fifth Amendment rights and that the answers would intend to degrade and incriminate him. His Grand Jury testimony was read to the trial jury without redaction. This was clearly prejudicial error and I would vote for a reversal by reason thereof, even in the absence of an objection, if the District Attorney had not disclosed his planned procedure to offer the entire Grand Jury minutes in evidence and had not first received defendant's counsel's consent thereto. Under the circumstances, however, I concur in the modification of the judgment for the reasons indicated in the majority memorandum of this court.